UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LATORIA STANFORD, | : | Case No. 1:06-cv-175 |
| Plaintiff, | : | Black, M.J. |
| vs. | : | |
| BP PRODUCTS NORTH AMERICA, INC., *dba* BP OIL COMPANY, | : | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | : | |

This employment discrimination case is before the Court on Defendant's motion to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). (Doc. 26.) On March 11, 2006, the parties consented to final adjudication by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Docs. 8, 9.)

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Latoria Stanford initiated this action on February 27, 2006, by filing a complaint, by counsel, in the Hamilton County, Ohio Court of Common Pleas against her former employer. (*See* Doc. 2, Ex. A.) On March 29, 2006, Defendant removed the action to the federal district court pursuant to 28 U.S.C. § 1441(c) based on federal question jurisdiction under 28 U.S.C. § 1331. (*See* Doc. 1.)

On December 7, 2006, Plaintiff's counsel filed a motion for leave to withdraw his representation citing "irreconcilable differences" and requesting that the Court stay the

action for a designated period of time in order to allow plaintiff time to obtain new counsel. (Doc. 15.) The Court permitted counsel to withdraw but denied the request for a stay. (Doc. 16.) Plaintiff was ordered to advise the Court in writing within thirty (30) days whether she had secured new counsel or would proceed in this matter *pro se*. (*Id.*)

Plaintiff did not respond to the Court's Order.

On January 3, 2007, the Court issued an Order granting an extension of the discovery deadline and vacating the dispositive motions deadline. (Doc. 19.) A copy of the Order, which was sent to Plaintiff by certified mail, was returned as undeliverable. (*See* Doc. 20.) A subsequent notice resetting the preliminary pretrial conference date also was mailed to Plaintiff and returned as undeliverable. (*See* Doc. 21 & Docket entry of Feb. 2, 2007.)

Following the preliminary pretrial conference, for which Plaintiff did not appear, Defendant filed its motion to dismiss for lack of prosecution. (*See* Doc. 26.) Defendant alleges that Plaintiff did not appear for properly noticed depositions. Defendant argues that Plaintiff's failure to act is evidence of bad faith and grounds for dismissal with prejudice. (*See id.*)

Because Plaintiff did not respond to the motion to dismiss, the Court ordered her to show cause why the motion to dismiss should not be granted. (*See* Doc. 27.)

Plaintiff did not respond to the Order to Show Cause.

## DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure provides in part as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

The district courts, moreover, have the inherent power *sua sponte* to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). As noted, failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

A *pro se* litigant has an affirmative duty to diligently pursue the prosecution of her cause of action, *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the court with notice of any and all changes in her address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)).

In light of Plaintiff's failure to respond to the Court's Orders, her failure to keep the Court advised of her mailing address, and her failure to appear for her deposition, the Court **FINDS** that a dismissal of this action with prejudice is warranted.

Accordingly, **IT IS HEREIN ORDERED THAT** Defendant's motion to dismiss (Doc. 26) is **GRANTED**, and this matter is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Date: 5/29/07

Timothy S. Black
United States Magistrate Judge

-4-